AO 91 (Rev. 11/11) Criminal Complaint

FILED
VANESSA L ARMSTRONG, CLERK
May 11 2020
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

United States of America
v.
CHANIQUA BOYD

*Defendant(s)*

Case No. 3:20MJ-340

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 10, 2020 in the county of Meade in the Western District of Kentucky, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 U.S.C. 113(a)(3) | Assault with Dangerous Weapon with Intent to do Bodily Harm |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

/S/ Albert C. Galvan
*Complainant's signature*

Albert C. Galvan
*Printed name and title*

*Sworn to/attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email, reliable electronic means.*

Date: May 11, 2020

Colin H Lindsay, Magistrate Judge
United States District Court
*Judge's signature*

City and state: Louisville, Kentucky

Colin H. Lindsay, U.S. Magistrate Judge
*Printed name and title*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Albert C. Galvan, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since successfully completing of the FBI Academy in 2012, and have been involved in the investigation of numerous types of offenses against the United States, including counter-terrorism, narcotics trafficking, child exploitation, financial institution fraud, tax fraud, money laundering, and immigration fraud.
2. In the course of conducting and participating in criminal investigations, I have been involved in interviewing and debriefing informants; interviewing witnesses; conducting physical surveillance; the consensual monitoring and recording of conversations; obtaining and analyzing financial records and preparing and executing search and arrest warrants.
3. I make this affidavit based upon the personal knowledge derived from my participation in this investigation and upon information I received from other law enforcement officers involved in this investigation.
4. For the reasons discussed below, I respectfully submit that this Affidavit contains probable cause to believe CHANIQUA MIRACLE BOYD-GILL (hereinafter BOYD) violated Title 18, United States Code (USC), Section 113(a)(3), Assaults within maritime and territorial jurisdiction; assault with a dangerous weapon, with intent to do bodily harm. I have set forth only the facts that I believe are necessary to establish probable cause to believe that a violation of this statute has been committed by BOYD. The information contained herein is not all the information I possess with respect to the commission of the crimes referred to herein.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

5. The United States, including the FBI, is conducting a criminal investigation of CHANIQUA MIRACLE BOYD-GILL (hereinafter BOYD) regarding possible violations of Title 18, United States Code (USC), Section 113(a)(3), Assaults within maritime and territorial jurisdiction; assault with a dangerous weapon, with intent to do bodily harm.

6. On May 10th, 2020, at approximately 6:00pm, Fort Knox Military Police (MP) notified the Louisville Division FBI of a domestic dispute resulting in a stabbing on Fort Knox. Subsequent investigation revealed BOYD's husband, Army Sergeant First Class (SFC) V. G. (V.G.), received a penetrating wound to his chest.

7. According to Army Criminal Investigative Division (CID) agents, at approximately 2:37pm, Fort Knox MPs responded to a 911 call from the residence of BOYD and V.G., located at 8045 Estrada Ave, Fort Knox, Kentucky. Upon arrival, MPs observed BOYD in the driveway of the residence and the MPs detained her. After the MPs advised BOYD of her Miranda Rights, she made the excited utterances that V.G. "Lunged into the knife" and that she told him "I will defend myself if you come can any closer". BOYD was then transported by the MPs to CID facility.

8. V.G. was transported to the University of Louisville Trauma Center where he was treated for a stab wound to his upper torso resulting in a punctured lung.

9. At approximately 7:45pm, FBI Special Agent Albert C. Galvan initiated an interview of BOYD after she waived her Miranda Rights. BOYD advised she and V.G. have a history of domestic confrontation in which both parties have been charged with simple assaults. A review of BOYD's criminal history on file with the National Crime Information Center (NCIC) revealed

BOYD and V.G. were charged with simple assaults on 07/17/2015 and again on 08/18/2018. On both occasions charges were dismissed without leave.

10. According to BOYD, she and V.G. started arguing after she confronted him on his failure to clean the couch. BOYD advised she “mushed” him away (shown as pushing of his face) to which he responded in kind. Both parties began spitting at each other which escalated when V.G. “came at [BOYD]”. BOYD advised she was not aware V.G. had been stabbed, only that she put her hands up in defense and he started screaming that she stabbed him which she did not believe. BOYD advised she did not intend to stab V.G. and that he was the one coming at her. When asked how the knife was introduced to the situation, BOYD advised she was cutting turkey when V.G. came at her and her hands came up.

11. According to an interview by CID, V.G. advised the fight started over him not cleaning the couch due to a missing part from the machine he rented to clean the couch. V.G. attempted to deescalate the situation by going to the upstairs bathroom, but BOYD followed him. BOYD again followed him downstairs and the two began spitting at each other. BOYD then returned from the kitchen with a knife and said “I wish you would spit at me again”. She then followed V.G. to the kitchen and the two continued to argue. BOYD punched V.G. in the face twice and then stabbed him in the chest. After getting stabbed, V.G. heard BOYD say, “you know what? I need to get on the phone”. V.G. heard BOYD speak to an unknown person and say V.G. had “jumped on her” to which he claimed he did not. V.G. attempted to get help from a neighbor’s house but no one answered and he returned to his residence to call his mother, but then decided it was better to call 911.

**CONCLUSION**

12. The statements made in this Affidavit are made based on the personal observations and investigation conducted by your Affiant, and information communicated or reported to your Affiant during the investigation by other participants in the investigation, as the content of this Affidavit indicates.

13. Based on the foregoing, your Affiant believes there is probable cause to believe that CHANIQUA MIRACLE BOYD-GILL has violated Title 18, United States Code (USC), Section 113(a)(3), Assaults within maritime and territorial jurisdiction; assault with a dangerous weapon, with intent to do bodily harm.

__/S/ Albert C. Galvan_________
ALBERT C. GALVAN
Special Agent
Federal Bureau of Investigation

Sworn to/attested to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email, reliable electronic means, this 11th day of May, 2020.

Colin H Lindsay, Magistrate Judge
United States District Court

COLIN H. LINDSAY
United States Magistrate Judge
WESTERN DISTRICT OF KENTUCKY